UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CAMPAIGN FOR SOUTHERN EQUALITY; FAMILY EQUALITY COUNCIL; DONNA PHILLIPS; JANET SMITH; KATHRYN GARNER; SUSAN HROSTOWSKI; JESSICA HARBUCK; BRITTANY ROWELL; TINORA SWEETEN-LUNSFORD; and KARI LUNSFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>The MISSISSIPPI DEPARTMENT OF HUMAN SERVICES and RICHARD BERRY, in his official capacity as its Executive Director; PHIL BRYANT, in his official capacity as Governor of the State of Mississippi; JIM HOOD, in his official capacity as Mississippi Attorney General,<br><br>Defendants. | CIVIL ACTION<br>NO. 3:15-cv-00578-DPJ-FKB<br><br>Oral Argument Requested |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

MCDUFF & BYRD

767 North Congress Street
Jackson, Mississippi 39202
(601) 969-0802

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

                                  **Page**

Preliminary Statement ...................................................................................................1

Argument .......................................................................................................................2

I.  The Mississippi Adoption Ban Causes the Parent Plaintiffs Irreparable Harm .................................................................................................................3

II.  There is a Substantial Likelihood of Success on the Merits....................................7

III.  The Threatened Harm if the Injunction is Denied Outweighs Any Harm That May Result ..................................................................................................8

IV.  The Grant of an Injunction Will Not Undermine the Public Interest .....................8

CONCLUSION..............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baskin* v. *Bogan*,
    983 F. Supp. 2d 1021 (S.D. Ind. 2014) ...................................................................7

*Bassett* v. *Snyder*,
    951 F. Supp. 2d 939 (E.D. Mich. 2013) ...................................................................9

*Bd. of Directors of Rotary Int'l* v. *Rotary Club of Duarte*,
    481 U.S. 537 (1987) ................................................................................................3, 4

*Campaign for S. Equal.* v. *Bryant*,
    64 F. Supp. 3d 906 (S.D. Miss. 2014) ....................................................................3, 5

*Cohen* v. *Coahoma Cnty., Miss.*,
    805 F. Supp. 398 (N.D. Miss. 1992) .......................................................................6, 7

*De Leon* v. *Perry*,
    975 F. Supp. 2d 632 (W.D. Tex. 2014) ..............................................................6, 8, 9

*Elrod* v. *Burns*,
    427 U.S. 347 (1976) ...................................................................................................6

*Giovani Carandola, Ltd.* v. *Bason*,
    303 F.3d 507 (4th Cir. 2002) .................................................................................8, 9

*Obergefell* v. *Hodges*,
    135 S. Ct. 2584 (2015) ......................................................................................passim

*Opulent Life Church* v. *City of Holly Springs, Miss.*,
    697 F.3d 279 (5th Cir. 2012) ....................................................................................9

*Troxel* v. *Granville*,
    530 U.S. 57 (2000) ....................................................................................................9

*Valley* v. *Rapides Parish Sch. Bd.*,
    118 F.3d 1047 (5th Cir. 1997) ..........................................................................2, 3, 8

*United States* v. *Windsor*,
    133 S. Ct. 2675 (2013) ......................................................................................passim

**Statutes**

Miss. Code Ann. § 37-13-171 ...............................................................................................4

Miss. Code Ann. § 37-13-173...................................................................................4

Miss. Code Ann. § 37-23-137...................................................................................4

Miss. Code Ann. § 93-17-3..............................................................................*passim*

**Other Authorities**

Associated Press, *Gov. Bryant's 'State of the State' Speech*,
    http://www.jackson freepress.com/news/2014/jan/22/gov-bryants-
    state-state-speech/ (last visited Aug. 28, 2015) ............................................................1

Mississippi Department of Education, *Procedural Safeguards: Your
    Family's Special Education Rights*,
    http://www.mde.k12.ms.us/OSE/parents (last visited Aug. 28, 2015).........................4

The University of Mississippi Medical Center, *Visitor Questions &
    Answers*, https://www.ummchealth.com/Patient_and_Visitor
    _Information/Patient_and_Visitor_Information/Visitor_FAQ/Visitor_F
    AQ.aspx (last visited Aug. 28, 2015) ........................................................................5

Plaintiffs Donna Phillips and Janet Smith, and Kathryn Garner and Susan Hrostowski, (collectively, the "Parent Plaintiffs"), respectfully submit this Memorandum of Law in support of their Motion for a Preliminary Injunction.

**Preliminary Statement**

Governor Phil Bryant said in his 2014 State of the State speech that an "objective for success" in this state is "for every Mississippian to be born into a mature, two-parent family." Associated Press, *Gov. Bryant's 'State of the State' Speech*, http://www.jackson freepress.com/news/2014/jan/22/gov-bryants-state-state-speech/ (last visited Aug. 28, 2015). On this matter at least, the Parent Plaintiffs and Defendant Bryant completely agree.

Plaintiffs Donna Phillips and Janet Smith, and Kathy Garner and Susan Hrostowski, are married couples with children. Donna and Jan were married on August 1, 2013 and have an eight-year-old daughter, H.M.S.P. Kathy and Susan were married on June 17, 2014 and have a fifteen-year-old son, H.M.G. H.M.S.P. and H.M.G. were, in fact, born into exactly the type of "mature, two-parent" families that Governor Bryant aspires to have for every Mississippi child. They are among the "many same-sex couples" who the Supreme Court recently recognized "provide loving and nurturing homes to their children." *Obergefell* v. *Hodges*, 135 S. Ct. 2584, 2600 (2015).

But because of nine words in a Mississippi statute, H.M.S.P. has only one legal parent, Donna, and H.M.G. has only one legal parent, Kathy. Jan and Susan are each unfairly and irrationally barred from adopting the child they have raised with their spouse since birth by Miss. Code Ann. § 93-17-3(5) (the "Mississippi Adoption Ban"). That provision, which states "Adoption by couples of the same gender is prohibited," precludes Jan and Susan from adopting and becoming the legal parents of their own

1

children solely because they are gay. Because of this statute, the Parent Plaintiffs and their children are irreparably harmed and they therefore ask this Court to enter an immediate order preliminarily enjoining the relevant government officials from enforcing the Mississippi Adoption Ban as it applies to them.

The Parent Plaintiffs easily make the required showing for a preliminary injunction, including, of course, "a substantial likelihood of success on the merits." *Valley* v. *Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). The Mississippi Adoption Ban denies gay couples not only the numerous rights, benefits, and duties that flow from legal adoption, but also the equal dignity guaranteed by the Constitution. In striking down the key provision of the Defense of Marriage Act in *United States* v. *Windsor*, the Supreme Court observed that denying recognition under federal law to married gay and lesbian couples "humiliates tens of thousands of children now being raised by same-sex couples" and "makes it even more difficult for the children to understand the integrity and closeness of their own family and its concord with other families in their community and in their daily lives." 133 S. Ct. 2675, 2694 (2013). The same is true of the Mississippi Adoption Ban. It is unquestionably incompatible with the guarantees of the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

Every day that the Mississippi Adoption Ban remains in effect, the Parent Plaintiffs and their children suffer irreparable injury. The Parent Plaintiffs' motion for a Preliminary Injunction should be granted as soon as possible.

**Argument**

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the

injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley* v. *Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Plaintiffs Donna Phillips and Janet Smith, and Kathryn Garner and Susan Hrostowski, clearly meet this standard. Their motion for preliminary injunctive relief should be granted without delay and their children should not have to wait any longer to have two legal parents.

I.  **The Mississippi Adoption Ban Causes the Parent Plaintiffs Irreparable Harm**

As an initial matter, the denial to the Parent Plaintiffs of their right to raise their children with two legal parents because of the Mississippi Adoption Ban is a clear case of irreparable harm. The significance of this injury is beyond dispute. *See Campaign for S. Equal.* v. *Bryant* ("*CSE*"), 64 F. Supp. 3d 906, 936 (S.D. Miss. 2014) *aff'd*, 791 F.3d 625 (5th Cir. 2015) ("Perhaps the most significant stigmatic injury suffered by the plaintiffs arises from the fact that one plaintiff in each couple lacks parental rights over the children she loves and is raising.")

The Mississippi Adoption Ban also undeniably deprives the Parent Plaintiffs of scores of concrete and important benefits and rights, "from the mundane to the profound." *Windsor*, 133 S.Ct. at 2692, 2694. Of course, as the Supreme Court has recognized, "[t]he intimate relationships to which we have accorded constitutional protection include . . . child rearing and education." *Bd. of Directors of Rotary Int'l* v. *Rotary Club of Duarte*, 481 U.S. 537, 545 (1987). As Jan and Donna found out, the Mississippi Adoption Ban makes something as ordinarily simple as registering their child for public school an arduous process. Because Jan is the legal owner of their home but is

3

not recognized as H.M.S.P's legal parent, every year she is required to complete an agreement "renting" her home to Donna and H.M.S.P. to prove that H.M.S.P. lives in the school district. (Smith Decl. ¶ 19.)

And, because parental status is frequently used in the Mississippi Code to define parental rights and responsibilities in connection with the education of children, the Mississippi Adoption Ban interferes with the Parent Plaintiffs' right to make educational decisions on behalf of their children. For example, the Mississippi Code requires parents to be notified about and make decisions regarding sex and abstinence-related education. Miss. Code Ann. § 37-13-171(5) and § 37-13-173; *see also, e.g.*, Mississippi Department of Education, *Procedural Safeguards: Your Family's Special Education Rights*, http://www.mde.k12.ms.us/OSE/parents (last visited Aug. 28, 2015); *see also* Miss. Code Ann. § 37-23-137(2) (Mississippi Department of Education's Office of Special Education requires parental consent to evaluate a child for disabilities and to create an educational plan for them.).

The Mississippi Adoption Ban has also left Donna and Jan, and Kathy and Susan, with the constant worry that Jan or Susan might not be empowered to make emergency medical decisions if H.M.S.P. or H.M.G. were to require quick care and Donna or Kathy, their legal parent, was not available. (Smith Decl. ¶ 15; Hrostowski Decl. ¶ 15.) Commenting on the harm to families caused by the marriage ban at issue in *Obergefell*, the Supreme Court noted that "Michigan . . . permits only opposite-sex married couples or single individuals to adopt, so each child can have only one woman as his or her legal parent. If an emergency were to arise, schools and hospitals may treat the three children as if they had only one parent." 135 S. Ct. 2584, 2595 (2015); *see also CSE*, 64 F. Supp.

3d at 949. The exact same concerns exist here.[1]  At the University of Mississippi Medical Center's Batson Children's Hospital, for example, "*[p]arents* are allowed to stay 24 hours a day," but non-parent visitors are limited to scheduled visiting hours.  The University of Mississippi Medical Center, *Visitor Questions & Answers*, https://www.ummchealth.com/Patient_and_Visitor_Information/Patient_and_Visitor_Information/Visitor_FAQ/Visitor_FAQ.aspx (last visited Aug. 28, 2015) (emphasis added).  Therefore, if H.M.S.P or H.M.G. were hospitalized, Jan and Susan would not necessarily be allowed to stay with—and make medical decisions on behalf of—their respective children.

The Parent Plaintiffs also live with the daily uncertainty that, should Kathy or Donna be killed or badly hurt, Susan or Jan might not be able retain custody of her child.  For Jan and Donna, this concern is only magnified because of Donna's military service, where she sometimes serves in harm's way.  (Smith Decl. ¶¶ 4, 16.)  Needless to say, for the Parent Plaintiffs, this harm is immediate and ongoing—accidents can happen at any time.

The denial of these and other rights and benefits to gay families in Mississippi constitutes irreparable harm *per se*. *Elrod* v. *Burns*, 427 U.S. 347, 373 (1976).  Indeed, "[a]n injury is irreparable if money damages cannot compensate for the harm." *De Leon* v. *Perry*, 975 F. Supp. 2d 632, 663 (W.D. Tex. 2014).  There is obviously no dollar

---

[1] The Michigan adoption statute referenced by the Supreme Court prohibits unmarried couples from adopting. *Obergefell*, 135 S. Ct. at 2595.  The Supreme Court's discussion of the statute in the *Obergefell* decision referred to the effect of the Michigan marriage ban, which prevented same-sex couples from adopting because it prevented them from marrying. *Obergefell*, 135 S.Ct. at 2595.  Now that the Supreme Court has overturned statutes prohibiting marriage equality, married same-sex couples should now be able to adopt in all states except Mississippi.  Mississippi is the only state with a statute that specifically prohibits same-sex couples from adopting and that has not been struck down by a court.

amount that can make Donna Phillips and Jan Smith whole for the fear they suffer knowing that if anything should happen to Donna while she is deployed, Jan could lose custody of her child. (Smith Decl. ¶ 16.) There is no actuary who could quantify the pain Kathy Garner and Susan Hrostowski feel by virtue of the fact that their state's laws tell everyone—state officials like Defendants, their neighbors, and especially their own child—that Susan's love and commitment to their child is unworthy of the dignity, status, and protections of parentage. (Hrostowski Decl. ¶ 19.)

The Supreme Court has made it crystal clear that these Parent Plaintiffs have a due process and equal protection right under the U.S. Constitution to have status as legal parents to their own children. *See Obergefell* v. *Hodges*, 135 S. Ct. 2584, 2608 (2015) ("[Plaintiffs] ask for *equal dignity* in the eyes of the law. The Constitution grants them that right." (emphasis added)); *United States* v. *Windsor*, 133 S. Ct. 2675, 2693 (2013) ("[I]nterference with the *equal dignity* of same-sex marriages . . . was more than an incidental effect of the federal statute." (emphasis added)); *id.* at 2692 ("[T]he State's decision to give this class of persons the right to marry conferred upon them a *dignity* and status of immense import." (emphasis added)); *id.* at 2696 ("The federal statute is invalid, for no legitimate purpose overcomes the purpose and effect to disparage and to injure those whom the State, by its marriage laws, sought to protect in personhood and *dignity*." (emphasis added)). And, as "has repeatedly been recognized by the federal courts at all levels[,] violation of constitutional rights constitutes irreparable harm as a matter of law." *Cohen* v. *Coahoma Cnty., Miss.,* 805 F. Supp. 398, 406 (N.D. Miss. 1992). *See also Baskin* v. *Bogan*, 983 F. Supp. 2d 1021, 1028 (S.D. Ind. 2014).

6

**II.     There is a Substantial Likelihood of Success on the Merits**

In light of *Windsor* and *Obergefell*, there also can be no serious question that the Parent Plaintiffs are substantially likely to succeed on the merits. The Supreme Court has now left no ambiguity: gay couples must be granted the same "equal dignity in the eyes of the law" as straight couples. *Obergefell*, 135 S. Ct. at 2608; *see also Windsor*, 133 S. Ct. at 2696. The same principles and reasoning that animated *Obergefell* and *Windsor* apply with equal force and effect here. Indeed, the United States Supreme Court, in holding that gay couples have a right to marry under the United States Constitution, explicitly recognized the close connection between the right to marry and the right to adopt. *Obergefell*, 135 S. Ct. at 2601 ("[W]hile the States are in general free to vary the benefits they confer on all married couples, they have throughout our history made marriage the basis for an expanding list of governmental rights, benefits, and responsibilities. These aspects of marital status include . . . adoption rights.").

Under any standard of review—and certainly under the heightened standard of review applied by the Supreme Court in *Windsor*, 133 S. Ct. at 2696-97, and *Obergefell*, 135 S. Ct. at 2608—*all* plaintiffs in this action are highly likely to succeed on the merits for the simple reason that there is no legitimate reason to disqualify gay couples from adopting, especially while there are many more children in foster care in Mississippi than there are parents currently able to legally adopt. But the question before the Court on this Motion is even narrower than that.

On this Motion, the Court need only consider whether there is an adequate basis for Mississippi to bar the Parent Plaintiffs—Jan Smith and Donna Phillips, and Susan Hrostowski and Kathy Garner—from adopting the children they have raised since birth solely because they are gay. It is virtually inconceivable that the State will be able to

advance such a rationale. The indisputable truth is that, as was true of the Defense of Marriage Act, the Mississippi Adoption Ban disadvantages H.M.G. and H.M.S.P. and "makes it . . . more difficult for the[m] to understand the integrity and closeness of their own famil[ies] and [their] concord with other families in their community and in their daily lives." *Windsor*, 133 S. Ct. at 2694.

### III. The Threatened Harm if the Injunction is Denied Outweighs Any Harm That May Result

Without a preliminary injunction, the Parent Plaintiffs "will continue to suffer state-sanctioned discrimination and the stigma that accompanies it until they can enjoy the same rights as heterosexual couples." *De Leon* v. *Perry*, 975 F. Supp. 2d 632, 664 (W.D. Tex. 2014). The ongoing dignitary, economic, and social injuries that the Parent Plaintiffs suffer far outweigh any potential damage that the requested injunction may cause to the State of Mississippi. *See Valley* v. *Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997). As a result, Mississippi is "in no way harmed by issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional. If anything, the system is improved by such an injunction." *Giovani Carandola, Ltd.* v. *Bason*, 303 F.3d 507, 521 (4th Cir. 2002) (internal quotation marks omitted). *see also De Leon*, 975 F. Supp. 2d at 664; *Bassett* v. *Snyder*, 951 F. Supp. 2d 939, 971 (E.D. Mich. 2013).

### IV. The Grant of an Injunction Will Not Undermine the Public Interest

Finally, a preliminary injunction enjoining enforcement of the Mississippi Adoption Ban on the Parent Plaintiffs, thereby allowing them to pursue their most basic desire for their children to have two legally recognized parents, will only reinforce the Nation's longstanding commitment to "the interest of parents in the care, custody, and

8

control of their children," which is "perhaps the oldest of the fundamental liberty interests recognized by th[e] Court." *Troxel* v. *Granville*, 530 U.S. 57, 65 (2000). For this reason, granting a preliminary injunction will not undermine the public interest. Injunctions protecting constitutional rights "are always in the public interest." *Opulent Life Church* v. *City of Holly Springs, Miss.*, 697 F.3d 279, 298 (5th Cir. 2012).

## CONCLUSION

For the foregoing reasons, Parent Plaintiffs respectfully request that this Court grant their Motion for a Preliminary Injunction.

Respectfully submitted,

Dated: August 28, 2015

| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **MCDUFF & BYRD** |
|---|---|
| By: /s/ Roberta A. Kaplan | By: /s/ Robert B. McDuff |
|     Roberta A. Kaplan* |     Robert B. McDuff |
|         *Lead Counsel* |         Bar No. 2532 |
|     Andrew J. Ehrlich* |     Sibyl C. Byrd |
|     Joshua D. Kaye* |         Bar No. 100601 |
|     Jacob H. Hupart* |     Jacob W. Howard |
|     Alexia D. Koritz* |         Bar No. 103256 |
| 1285 Avenue of the Americas | 767 North Congress Street |
| New York, NY 10019-6064 | Jackson, Mississippi 39202 |
| Tel:(212) 373-3000 | Tel:(601) 969-0802 |
| Fax:(212) 757-3990 | Fax: (601) 969-0804 |
| rkaplan@paulweiss.com | rbm@mcdufflaw.com |
| aehrlich@paulweiss.com | scb@mcdufflaw.com |
| jkaye@paulweiss.com | jake@mcdufflaw.com |
| jhupart@paulweiss.com | |
| akoritz@paulweiss.com | |

| **BRAZIL & BURKE, P.A.** | **ELLIS LAW FIRM, PLLC.** |
|---|---|
|     Meghann K. Burke* |     Dianne Herman Ellis |
| 77 Central Avenue, Suite E |     Bar No. 102893 |
| Asheville, NC 28801 | 1145 Robinson Avenue, |
| Tel: (828) 255-5400 | Ocean Springs, MS 39564 |
| Fax: (828) 258-8972 | Tel: (228) 215-0037 |
| meghann@brazilburkelaw.com | Fax: (228) 284-1889 |
| | diannernjd@aol.com |

* Admitted *pro hac vice*

*Attorneys for Plaintiffs Campaign for Southern Equality, Family Equality Council, Donna Phillips, Janet Smith, Kathryn Garner, Susan Hrostowski, Jessica Harbuck, Brittany Rowell, Tinora Sweeten-Lunsford, and Kari Lunsford.*

# CERTIFICATE OF SERVICE

I hereby certify that, on August 28, 2015, I electronically transmitted the above and foregoing document to the Clerk of the Court using the ECF system for filing and I hereby certify that I have sent via electronic mail to the following individuals who are not yet receiving documents via the ECF system in this matter:

    The Mississippi Department of Human Services
    Office of the Attorney General of Mississippi
    Walter Sillers Building
    Suite 1200
    550 High Street
    Jackson, MS 39201

    Richard Berry, in his official capacity as Executive Director of the
        Mississippi Department of Human Services
    Office of the Attorney General of Mississippi
    Walter Sillers Building
    Suite 1200
    550 High Street
    Jackson, MS

    Governor Phil Bryant
    Office of the Attorney General of Mississippi
    Walter Sillers Building
    Suite 1200
    550 High Street
    Jackson, MS 39201

    Attorney General Jim Hood
    Office of the Attorney General of Mississippi
    Walter Sillers Building
    Suite 1200
    550 High Street
    Jackson, MS 39201

                            By: /s/ Roberta A. Kaplan
                            Roberta A. Kaplan
                                Admitted *pro hac vice*
                                N.Y. Bar No. 2507093
                            Paul, Weiss, Rifkind,
                                Wharton & Garrison LLP
                            New York, NY 10019
                            Tel: (212) 373-3000
                            rkaplan@paulweiss.com