IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CAMPAIGN FOR SOUTHERN EQUALITY, ET AL.**                    **PLAINTIFFS**

VS.                                                    CIVIL ACTION NO. 3:15cv578-DPJ-FKB

**The MISSISSIPPI DEPARTMENT OF HUMAN**
**SERVICES, ET AL.**                                          **DEFENDANTS**

### DECLARATION OF MARK SMITH

I make the following declaration pursuant to 28 U.S.C. § 1746:

1. My name is Mark Smith. I am over the age of twenty-one, competent to testify, and have personal knowledge of the matters stated herein.

2. I am employed by the Mississippi Department of Human Services (DHS) as Deputy Director. As part of my duties, I am currently the interim Director of DHS's Division of Family and Children's Services (DFCS).

3. DHS is a Mississippi executive agency established by the Legislature and statutorily authorized to provide certain programs and services in certain fields, including aging and adult services, community services, early childhood care and development, family and children's services, family foundation and support, field operations, and youth services. *See* Miss. Code Ann. §§ 43-1-1 *et seq.*

4. Richard Berry is currently DHS's Executive Director. The Executive Director has certain authority as prescribed by Mississippi law, including to formulate DHS policy and establish various departments organized within DHS. *See* Miss. Code Ann. § 43-1-2. DFCS,



one of the departments within DHS, is the agency's department which provides programs and services, primarily through its Adoption Unit, relating to adoption and foster care.

5. Adoptions are legal proceedings initiated in state court which result in a judicial order either granting or denying the petition for adoption. DHS as an executive branch agency does not have the legal authority to grant or deny a petition for adoption. Mississippi Code Sections 93-17-1 *et seq.* provide the procedures applicable in judicial proceedings for adoption, name changes, and legitimation of children in Mississippi state courts. Like other statutes and court rules governing causes of action filed in a court, such as the Mississippi Rules of Civil Procedure and the Uniform Chancery Court Rules, the provisions of Mississippi Code Sections 93-17-1 *et seq.* are applied by the judicial branch of state government to actions filed in state courts. DHS does not have authority to enforce those statutory provisions, including Mississippi Code Section 93-17-3(5), and DHS does not enforce those statutory provisions, including Mississippi Code Section 93-17-3(5).

6. DHS's particular role, if any, in an adoption proceeding under Mississippi law depends upon the status of the individual whose adoption is at issue. There are generally two types of adoption proceedings.

7. First, a "private adoption proceeding" involves an adoption initiated by a prospective adopting party or parties and regarding an individual to be adopted who is not currently in DHS's foster care custody. Pursuant to statute, after an adoption suit in a private adoption proceeding is filed with a court, DHS may be ordered by the court in which the suit is pending to conduct a home study. Mississippi Code Section 93-17-11 provides that any time after an adoption suit is filed, and process completed, the court may order a licensed adoption

agency or DHS to conduct a home study or other investigations, and report to the court. Mississippi Code Section 93-17-3(6) provides that no person may be placed in the home of or adopted by the prospective adopting parties before a home study is completed.

8. As of the time of this declaration, DHS has not been ordered by any Mississippi court to conduct and provide a home study, or any other investigation and report, in a private adoption proceeding initiated by two prospective adopting parties of the same gender. If a court orders DHS to conduct and provide a home study, or other investigation and report, in a private adoption proceeding initiated by two prospective adopting parties of the same gender, then, just as in any adoption proceeding in which DHS is ordered to comply with a court order in an adoption proceeding, DHS would not disregard the court's order or refuse to conduct and provide the home study, or other investigation and report.

9. DHS has a duty to comply with court orders entered in a private adoption proceeding. DHS has no authority or ability to prevent anyone from filing a private adoption proceeding in a Mississippi court, or to grant or deny an adoption petition. DHS cannot enforce, and does not enforce, any procedural or other statutory requirements contained in Mississippi Code Section 93-17-3. Decisions as to whether and how those provisions apply are committed exclusively to the authority of the court in which a private adoption proceeding is filed.

10. Second, a "foster care adoption proceeding" involves an adoption initiated by a prospective adopting party or parties and regarding an individual who is currently in DHS's foster care custody. Like a private adoption proceeding, a foster care adoption proceeding must be filed in a state court and Mississippi Code Sections 93-17-1 *et seq.* apply to the proceeding. In addition, the process involves certain policies and procedures established by the DFCS. *See*

Department of Human Services, Division of Family and Children's Services Policy Manual, Sections D (Foster Care), F (Licensure) & G (Adoption), available on-line at: http://www.mdhs.state.ms.us/family-childrens-services/dfcs-policy/.

11.  Generally, the process for a prospective adopting party or parties to adopt an individual currently in DHS's foster care custody involves the following steps. The prospective adopting party or parties complete certain DHS forms to apply for becoming a foster care resource home. The applicant or applicants must meet certain initial criteria established by DHS policy, and may be placed on a wait list. The initial criteria include that the prospective adopting party or parties must be at least 21 years of age, legally single and not cohabitating with an unrelated person or legally married spouses, and meet other requirements. *See* Department of Human Services, Division of Family and Children's Services Policy Manual, F (Licensure) at Appendix A.

12.  If the initial requirements are met, the party or parties must participate in resource parent training as well as a home study involving a series of interviews with a social worker, and other forms must submitted and other inquiries must be conducted and completed throughout the process. *See, e.g.*, Department of Human Services, Division of Family and Children's Services Policy Manual, F (Licensure) at Appendix C-F, H, G (Adoption). After the home study and these other requirements are completed, visits between the prospective adopting party or parties and foster child may take place. A proceeding is initiated with a court for placement of the foster child in the prospective adopting party's or parties' home. If the foster child is placed in the home, a DHS social worker continues visits to the home over a period of ordinarily at least six months. Other steps may take place in the process in any given case, given the individual facts

and circumstances that arise.

13. During and at the end of the adoption process, however, in any and every case, the court in which the adoption proceeding is filed makes determinations regarding the disposition of the case and is the sole arbiter of whether or not to enter a final decree of adoption. DHS does not enforce, and will not enforce, any procedural or other statutory requirements contained in Mississippi Code Section 93-17-3, or otherwise exclusively within the authority of a court in which a foster care adoption proceeding has been filed.

14. As of the time of this declaration, DHS has not refused to initiate the foster care adoption process for anyone meeting the initial requirements to participate, including the requirement that the prospective adopting party or parties must be legally single and not cohabitating with an unrelated person, or legally married spouses.

15. I have read the complaint allegations in paragraphs 29 through 33 of the original complaint in the above-referenced lawsuit asserted by Tinora Sweeten-Lunsford and Kari Lunsford. They allege that they were married two years ago in the State of Washington. They further allege that they were advised by an unidentified social worker, on an unspecified date, that they could not participate in training to become a resource home for DHS's foster care program. Their complaint allegations are silent as to whether they actually completed a resource home inquiry application or any other required forms.

16. Until late June/early July 2015, when a United States Supreme Court and other federal court decisions changed the law, the Mississippi Constitution prohibited DHS from recognizing a marriage between spouses of the same gender. If Tinora Sweeten-Lunsford and Kari Lunsford, or any other cohabitating individuals of the same gender, had applied to

participate in the foster care program as potential resource parents or adopting parties through foster care prior to that change in the law, then they would not have met the initial requirement of being a legally single and not cohabitating with an unrelated person, or legally married spouses.

17. As of the date of this declaration, if Tinora Sweeten-Lunsford and Kari Lunsford, or any other cohabitating related individuals of the same gender, are currently legally married, meet the other requirements for participating in the foster care program, and apply to participate in the foster care program, DHS's policies would not exclude them from seeking to become a resource parent, or participating in the process for adopting a child through the foster care program, based upon their status as legally married persons of the same gender.

18. As previously explained, a court in which any adoption proceeding is filed must make the determinations of whether the statutory requirements for an adoption have been met and whether or not to enter a final decree of adoption. However, as is the case in a private adoption proceeding, DHS does not enforce, and will not enforce, any procedural or other statutory requirements contained in Mississippi Code Section 93-17-3, or otherwise exclusively within the authority of a court in which a foster care adoption proceeding has been filed.

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 31 day of August, 2015.

_____
Mark Smith, Interim Director of the Department
of Human Services' Division of Family and
Children's Services