## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CAMPAIGN FOR SOUTHERN EQUALITY, ET AL.**              **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:15cv578-DPJ-FKB**

**The MISSISSIPPI DEPARTMENT OF HUMAN
SERVICES, ET AL.**                              **DEFENDANTS**

_____

### ATTORNEY GENERAL JIM HOOD'S ANSWER AND
### DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
_____

Defendant Mississippi Attorney General Jim Hood, sued solely in his official capacity, files this Answer and Defenses to the plaintiffs' First Amended Complaint ("complaint") [Docket No. 23] and states:

### ANSWER

The Attorney General responds to the allegations contained in the complaint, paragraph-by-paragraph, as follows:

### <u>INTRODUCTION</u>

1.      Denied as stated.  The Attorney General admits only that the statute referenced in paragraph 1 speaks for itself.  Any and all remaining allegations in paragraph 1 are denied.

2.      Denied as stated.  The Attorney General admits only that the judicial opinions referenced in paragraph 2 speak for themselves.  Any and all remaining allegations in paragraph 2 are denied.

3.      Denied as stated.  The Attorney General admits only that the documents referenced in paragraph 3 speak for themselves.  Any and all remaining allegations in paragraph 3 are denied.

4.    Denied as stated.  The Attorney General admits only that the judicial opinions and other documents referenced in paragraph 4 speak for themselves.  Any and all remaining allegations in paragraph 4 are denied.

5.    Denied as stated.  The allegations in paragraph 5 include opinions and legal conclusions that do not require a response from the Attorney General.  If the Attorney General is mistaken in that regard, the allegations contained in paragraph 5 are denied.

6.    Denied as stated.  The Attorney General admits only that the judicial opinions referenced in paragraph 6 speak for themselves.  Any and all remaining allegations in paragraph 6 are denied.

## PARTIES

### A.    Plaintiffs

7.    Denied as stated.  The Attorney General admits only, upon information and belief, that the Campaign for Southern Equality was incorporated in 2011 under the laws of the State of North Carolina.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 7, therefore, those remaining allegations are denied.

8.    Denied as stated.  The Attorney General admits only that the judicial opinion referenced in paragraph 8 speaks for itself.  Any and all remaining allegations in paragraph 8 are denied.

9.    Denied as stated.  The Attorney General admits only, upon information and belief, that the Family Equality Council was incorporated in 1979 and is based in the State of Massachusetts.  The Attorney General lacks knowledge or information sufficient

to form a belief about the truth of any remaining allegations contained in paragraph 9, therefore, those remaining allegations are denied.

10.     The Attorney General admits only, upon information and belief, that plaintiffs Phillips and Smith are residents of Rankin County, Mississippi.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 10, therefore, those remaining allegations are denied.

11.     The Attorney General admits, upon information and belief, that plaintiff Phillips is a member of the Mississippi Army National Guard.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 11, therefore, those remaining allegations are denied.

12.     The Attorney General admits only, upon information and belief, that plaintiff Smith is employed by the Mississippi Department of Mental Health.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 12, therefore, those remaining allegations are denied.

13.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13, therefore, those allegations are denied.

14.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14, therefore, those allegations are denied.

15.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15, therefore, those allegations are denied.

16.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16, therefore, those allegations are denied.

17.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17, therefore, those allegations are denied.

18.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18, therefore, those allegations are denied.

19.	The Attorney General admits only, upon information and belief, that plaintiffs Garner and Hrostowski are residents of Forrest County, Mississippi.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 19, therefore, those remaining allegations are denied.

20.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20, therefore, those allegations are denied.

21.	The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21, therefore, those allegations are denied.

22.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22, therefore, those allegations are denied.

23.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23, therefore, those allegations are denied.

24.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24, therefore, those allegations are denied.

25.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25, therefore, those allegations are denied.

26.     The Attorney General admits only, upon information and belief, that plaintiffs Harbuck and Rowell are residents of Rankin County, Mississippi.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 26, therefore, those remaining allegations are denied.

27.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27, therefore, those allegations are denied.

28.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28, therefore, those allegations are denied.

29.     The Attorney General admits only, upon information and belief, that plaintiffs Sweeten-Lunsford and Lunsford are residents of Oktibbeha County, Mississippi.  The Attorney General lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 29, therefore, those remaining allegations are denied.

30.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30, therefore, those allegations are denied.

31.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31, therefore, those allegations are denied.

32.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32, therefore, those allegations are denied.

33.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33, therefore, those allegations are denied.

34.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34, therefore, those allegations are denied.

**B.     Defendants**

35.     Denied as stated.  The Attorney General admits only the defendant Mississippi Department of Human Services is an agency and considered an arm of the

State of Mississippi, and the laws and policies referenced in paragraph 35 speak for themselves. Any remaining allegations contained in paragraph 35 are denied.

36.     Denied as stated. The Attorney General admits only that defendant Richard Berry is the Executive Director of the Mississippi Department of Human Services, is sued solely in his official capacity, and the laws referenced in paragraph 36 speak for themselves. Any remaining allegations contained in paragraph 36 are denied.

37.     Denied as stated. The Attorney General admits only that defendant Governor Phil Bryant is the Governor of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law, and the laws referenced in paragraph 37 speak for themselves. Any remaining allegations contained in paragraph 37 are denied.

38.     Denied as stated. The Attorney General admits only that he is the Attorney General of the State of Mississippi, is sued solely in his official capacity, and his authority and duties are defined by Mississippi law, which speaks for itself. Any remaining allegations contained in paragraph 38 are denied.

39.     Denied as stated. The Attorney General admits only that the defendant Tenth District Chancery Court of Mississippi is a state court considered an arm of the State of Mississippi with jurisdiction over adoption lawsuits and other matters as prescribed by law, and the constitutional provision and document referenced in paragraph 39 speak for themselves. Any remaining allegations contained in paragraph 39 are denied.

40.     Denied as stated. The Attorney General admits only that the defendant Fourteenth District Chancery Court of Mississippi is a state court considered an arm of

the State of Mississippi with jurisdiction over adoption lawsuits and other matters as prescribed by law, and the constitutional provision and document referenced in paragraph 40 speak for themselves. Any remaining allegations contained in paragraph 40 are denied.

41.     Denied as stated. The Attorney General admits only that the defendant Twentieth District Chancery Court of Mississippi is a state court considered an arm of the State of Mississippi with jurisdiction over adoption lawsuits and other matters as prescribed by law, and the constitutional provision and document referenced in paragraph 41 speak for themselves. Any remaining allegations contained in paragraph 41 are denied.

42.     Denied as stated. The Attorney General admits only that defendant Chancellor Dawn Beam is a Chancery Judge in the Tenth District Chancery Court of the State of Mississippi, is sued solely in her official capacity, her authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Forrest County, and the statute referenced in paragraph 42 speaks for itself. Any remaining allegations contained in paragraph 42 are denied.

43.     Denied as stated. The Attorney General admits only that defendant Chancellor M. Ronald Doleac is a Chancery Judge in the Tenth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Forrest County, and the statute referenced in paragraph 43 speaks for itself. Any remaining allegations contained in paragraph 43 are denied.

44.     Denied as stated. The Attorney General admits only that defendant

Chancellor Deborah J. Gambrell is a Chancery Judge in the Tenth District Chancery Court of the State of Mississippi, is sued solely in her official capacity, her authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Forrest County, and the statute referenced in paragraph 44 speaks for itself. Any remaining allegations contained in paragraph 44 are denied.

45. Denied as stated. The Attorney General admits only that defendant Chancellor Johnny L. Williams is a Chancery Judge in the Tenth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Forrest County, and the statute referenced in paragraph 45 speaks for itself. Any remaining allegations contained in paragraph 45 are denied.

46. Denied as stated. The Attorney General admits only that defendant Chancellor Kenneth M. Burns is a Chancery Judge in the Fourteenth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Oktibbeha County, and the statute referenced in paragraph 46 speaks for itself. Any remaining allegations contained in paragraph 46 are denied.

47. Denied as stated. The Attorney General admits only that defendant Chancellor Dorothy W. Colom is a Chancery Judge in the Fourteenth District Chancery Court of the State of Mississippi, is sued solely in her official capacity, her authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Oktibbeha County, and the statute referenced in paragraph 47 speaks for itself. Any remaining allegations contained in paragraph 47 are denied.

48.     Denied as stated.  The Attorney General admits only that defendant Chancellor Jim Davidson is a Chancery Judge in the Fourteenth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Oktibbeha County, and the statute referenced in paragraph 48 speaks for itself.  Any remaining allegations contained in paragraph 48 are denied.

49.     Denied as stated.  The Attorney General admits only that defendant Chancellor John Grant is a Chancery Judge in the Twentieth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Rankin County, and the statute referenced in paragraph 49 speaks for itself.  Any remaining allegations contained in paragraph 49 are denied.

50.     Denied as stated.  The Attorney General admits only that defendant Chancellor John C. McLaurin, Jr. is a Chancery Judge in the Twentieth District Chancery Court of the State of Mississippi, is sued solely in his official capacity, his authority and duties are defined by Mississippi law and include adjudicating adoption lawsuits in Rankin County, and the statute referenced in paragraph 50 speaks for itself.  Any remaining allegations contained in paragraph 50 are denied.

51.     Denied as stated.  The Attorney General admits only that the Mississippi laws referenced in paragraph 51 speak for themselves.  Any remaining allegations contained in paragraph 51 are denied.

52.     Denied as stated.  The Attorney General admits only that the Mississippi laws referenced in paragraph 52 speak for themselves.  Any remaining allegations

contained in paragraph 52 are denied.

53.    Denied as stated.  The Attorney General admits only that the Mississippi laws referenced in paragraph 53 speak for themselves.  Any remaining allegations in paragraph 53 are denied.

## JURISDICTION AND VENUE

54.    Denied as stated.  The Attorney General admits only that the laws referenced in paragraph 54 speak for themselves, and specifically avers this Court lacks subject matter jurisdiction over this lawsuit.  Any remaining allegations contained in paragraph 54 are denied.

55.    Denied as stated.  The Attorney General admits only that the laws referenced in paragraph 55 speak for themselves.  Any remaining allegations contained in paragraph 55 are denied.

56.    Denied as stated.  The Attorney General admits only that the laws referenced in paragraph 56 speak for themselves.  Any remaining allegations contained in paragraph 56 are denied.

57.    Denied as stated.  The Attorney General admits only that the defendants' respective offices are located in Hinds County, Mississippi and other counties included in the State of Mississippi's Tenth, Fourteenth and Twentieth Chancery Court Districts. Any remaining allegations contained in paragraph 57 are denied.

## FACTS

58.    Denied as stated.  The Attorney General admits only that the laws and other documents referenced in paragraph 58 speak for themselves.  Any remaining allegations contained in paragraph 58 are denied.

59.     Denied as stated.  The Attorney General admits only that the judicial opinions referenced in paragraph 59 speak for themselves.  Any remaining allegations contained in paragraph 59 are denied.

60.     Denied.

61.     Denied as stated.  The Attorney General admits only that the judicial opinion referenced in paragraph 61 speaks for itself.  Any remaining allegations contained in paragraph 61 are denied.

62.     Denied as stated.  The Attorney General admits only that the judicial opinion referenced in paragraph 62 speaks for itself.  Any remaining allegations contained in paragraph 62 are denied.

63.     Denied as stated.  The Attorney General admits only that the statute referenced in paragraph 63 speaks for itself.  Any remaining allegations contained in paragraph 63 are denied.

64.     Denied as stated.  The Attorney General admits only that the law and policies referenced in paragraph 64 speak for themselves.  Any remaining allegations contained in paragraph 64 are denied.

65.     Denied.

66.     Denied as stated.  The Attorney General admits only that the documents referenced in paragraph 66 speak for themselves.  Any remaining allegations contained in paragraph 66 are denied.

67.     Denied as stated.  The Attorney General admits only that the judicial opinions and documents referenced in paragraph 67 speak for themselves.  Any remaining allegations contained in paragraph 67 are denied.

68.    Denied as stated.  The Attorney General admits only that the judicial document referenced in paragraph 68 speaks for itself.  Any remaining allegations contained in paragraph 68 are denied.

69.    Denied as stated.  The Attorney General admits only that the judicial document referenced in paragraph 69 speaks for itself.  Any remaining allegations contained in paragraph 69 are denied.

70.    Denied.

71.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 71 speaks for itself.  Any remaining allegations contained in paragraph 71 are denied.

72.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 72 speaks for itself.  Any remaining allegations contained in paragraph 72 are denied.

73.    Denied.

74.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 74 speaks for itself.  Any remaining allegations contained in paragraph 74 are denied.

75.    Denied as stated. The Attorney General admits only that the laws referenced in paragraph 75 speak for themselves.  Any remaining allegations contained in paragraph 75 are denied.

76.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 76 speaks for itself.  Any remaining allegations contained in paragraph 76 are denied.

77.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77, therefore, those allegations are denied.

78.     Denied.

79.     Denied.

80.     Denied as stated. The Attorney General admits only that the documents referenced in paragraph 80 speak for themselves.  Any remaining allegations contained in paragraph 80 are denied.

81.     The Attorney General lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81, therefore, those allegations are denied.

82.     Denied as stated. The Attorney General admits only that the laws and policies referenced in paragraph 82 speak for themselves.  Any remaining allegations contained in paragraph 82 are denied.

83.     Denied.

84.     Denied as stated. The Attorney General admits only that the document referenced in paragraph 84 speaks for itself.  Any remaining allegations contained in paragraph 84 are denied.

85.     Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 85 speaks for itself.  Any remaining allegations contained in paragraph 85 are denied.

86.     Denied as stated. The Attorney General admits only that the document referenced in paragraph 86 speaks for itself.  Any remaining allegations contained in

paragraph 86 are denied.

87. Denied as stated. The Attorney General admits only that the document referenced in paragraph 87 speaks for itself. Any remaining allegations contained in paragraph 87 are denied.

88. Denied as stated. The Attorney General admits only that the documents referenced in paragraph 88 speak for themselves. Any remaining allegations contained in paragraph 88 are denied.

89. Denied.

90. Denied.

91. Denied as stated. The Attorney General admits only that the document referenced in paragraph 91 speaks for itself. Any remaining allegations contained in paragraph 91 are denied.

92. Denied as stated. The Attorney General admits only that the documents referenced in paragraph 92 speak for themselves. Any remaining allegations contained in paragraph 92 are denied.

93. Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 93 speaks for itself. Any remaining allegations contained in paragraph 93 are denied.

94. Denied as stated. The Attorney General admits only that the documents referenced in paragraph 94 speaks for themselves. Any remaining allegations contained in paragraph 94 are denied.

95. Denied as stated. The Attorney General admits only that the documents referenced in paragraph 95 speaks for themselves. Any remaining allegations contained

in paragraph 95 are denied.

96.     Denied as stated. The Attorney General admits only that the document referenced in paragraph 96 speaks for itself.  Any remaining allegations contained in paragraph 96 are denied.

97.     Denied as stated. The Attorney General admits only that the documents referenced in paragraph 97 speak for themselves.  Any remaining allegations contained in paragraph 97 are denied.

98.     Denied as stated. The Attorney General admits only that the document referenced in paragraph 98 speaks for itself.  Any remaining allegations contained in paragraph 98 are denied.

99.     Denied.

## CAUSES OF ACTION

## CLAIM ONE: EQUAL PROTECTION

100.    The Attorney General incorporates his responses to the previous paragraphs.

101.    Denied as stated. The Attorney General admits only that the complaint seeks only declaratory and injunctive relief against defendants in their official capacities. Any remaining allegations contained in paragraph 101 are denied.

102.    Denied.

103.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 103 speaks for itself.  Any remaining allegations contained in paragraph 103 are denied.

104.    Denied as stated. The Attorney General admits only that the judicial

opinions referenced in paragraph 104 speak for themselves. Any remaining allegations contained in paragraph 104 are denied.

105. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 105 speak for themselves. Any remaining allegations contained in paragraph 105 are denied.

106. Denied.

107. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 107 speak for themselves. Any remaining allegations contained in paragraph 107 are denied.

108. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 108 speak for themselves. Any remaining allegations contained in paragraph 108 are denied.

109. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 109 speak for themselves. Any remaining allegations contained in paragraph 109 are denied.

110. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 110 speak for themselves. Any remaining allegations contained in paragraph 110 are denied.

111. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 111 speak for themselves. Any remaining allegations contained in paragraph 111 are denied.

112. Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 112 speak for themselves. Any remaining allegations

contained in paragraph 112 are denied.

113.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 113 speaks for itself.  Any remaining allegations contained in paragraph 113 are denied.

## CLAIM TWO: DUE PROCESS

114.    The Attorney General incorporates his responses to the previous paragraphs by reference.

115.    Denied as stated. The Attorney General admits only that the complaint seeks only declaratory and injunctive relief against defendants in their official capacities. Any remaining allegations contained in paragraph 115 are denied.

116.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 116 speaks for itself.  Any remaining allegations contained in paragraph 116 are denied.

117.    Denied as stated. The Attorney General admits only that the judicial opinions referenced in paragraph 117 speak for themselves.  Any remaining allegations contained in paragraph 117 are denied.

118.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 118 speaks for itself.  Any remaining allegations contained in paragraph 118 are denied.

119.    Denied as stated. The Attorney General admits only that the judicial opinion referenced in paragraph 119 speaks for itself.  Any remaining allegations contained in paragraph 119 are denied.

120.    Denied.

## DECLARATORY AND INJUNCTIVE RELIEF

121.    The Attorney General incorporates his responses to the previous paragraphs by reference.

122.    Denied.

123.    Denied.

124.    Denied.

## PRAYERS FOR RELIEF

The Attorney General denies the allegations contained in the unnumbered paragraph on page 41 of the complaint beginning with "WHEREFORE, Plaintiffs respectfully pray . . .," including subparts 1 through 4, and specifically avers plaintiffs are not entitled to any relief from the Attorney General whatsoever.

Any and all allegations of the complaint that are not specifically admitted above are hereby denied.

### FIRST DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction.

### SECOND DEFENSE

The complaint should be dismissed for failure to state a claim.

### THIRD DEFENSE

The complaint should be dismissed for failure to join all necessary indispensable parties.

### FOURTH DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

The Attorney General affirmatively asserts all common law and/or statutory immunities to which he may be entitled, including, but not limited to, qualified immunity, absolute immunity, prosecutorial immunity, executive privilege, discretionary function immunity and/or legislative immunity.

**SIXTH DEFENSE**

Some or all of plaintiffs' claims are barred for failure to properly exhaust their administrative remedies.

**SEVENTH DEFENSE**

Some or all of plaintiffs' claims are barred by the doctrine of federal-state comity and/or judicial abstention doctrines, including, but not limited to, the *Younger*, *In re Burrus*, *Brillhart*, *Colorado River*, *Burford*, and/or *Pullman* abstention doctrines.

**EIGHTH DEFENSE**

The Attorney General affirmatively asserts his immunity barring plaintiffs' claims pursuant to the Eleventh Amendment to the United States Constitution.

**NINTH DEFENSE**

The Attorney General affirmatively asserts all defenses to which he is, or may become entitled to through discovery in this action, under 42 U.S.C. § 1983, and/or any other provisions of federal or state law.

**TENTH DEFENSE**

The Attorney General affirmatively asserts that some or all of plaintiffs' claims are barred by sovereign immunity.

## ELEVENTH DEFENSE

Some or all of plaintiffs' claims are barred: by their lack of standing, the mootness doctrine, as unripe for judicial review, by plaintiffs' lack of prudential standing, and as insufficient to warrant an award of injunctive or declaratory relief.

## TWELFTH DEFENSE

Plaintiffs' complaint fails to state any justiciable claims for declaratory relief sufficient to invoke 28 U.S.C. § 2201.

## THIRTEENTH DEFENSE

Some or all of plaintiffs' claims are barred by the domestic relations exception to federal jurisdiction.

## FOURTEENTH DEFENSE

Some or all of plaintiffs' claims are barred by 28 U.S.C. § 2283.

## FIFTEENTH DEFENSE

The Attorney General affirmatively asserts all defenses to which he is, or may become entitled to through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b), or otherwise.

FOR THESE REASONS, Defendant Mississippi Attorney General Jim Hood respectfully request that his Answer and Defenses be received and further requests that the Court dismiss plaintiffs' First Amended Complaint, at plaintiffs' sole cost.

THIS the 25th day of September, 2015.

Respectfully submitted,

JIM HOOD, in his official capacity
as Mississippi Attorney General

By:    S/Justin L. Matheny
       Justin L. Matheny (Bar No. 100754)
       Office of the Attorney General
       P.O. Box 220
       Jackson, MS 39205
       Telephone: (601) 359-3680
       Facsimile: (601) 359-2003
       *jmath@ago.state.ms.us*

       *Counsel for Attorney General Jim Hood*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 25th day of September, 2015.

S/Justin L. Matheny
Justin L. Matheny